UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBI-DETROIT, INC., a Michigan
Corporation,

    Plaintiff,

                                          Civil No. 06-14452
                                          Hon. John Feikens

    v.

CITY OF DETROIT, a Municipal
Corporation, DETROIT WATER AND
SEWERAGE DEPARTMENT, GARY
FUJITA, an individual, VICTOR M.
MERCADO, an individual, and KWAME
M. KILPATRICK, individually and in his
fiduciary capacity as Mayor of Detroit,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

       Defendants move for summary judgment on all counts, alleging that state law prohibits Plaintiff from bringing these claims as a disappointed bidder or that Plaintiff cannot establish the elements of the claims. As I agree there is no legally-cognizable interest, and therefore no standing to bring the claims, I GRANT the motion for summary judgment on all claims.

**FACTUAL BACKGROUND**

       Plaintiff alleges that it had an agreement with the Detroit Water and Sewerage Department (DWSD) to perform work on contract PC-753, a contract worth approximately $14 million to make improvements to the Belle Isle Pump Station and Combined Sewer Overflow facility. This case is before me because I have been overseeing the compliance of DWSD with federal and state environmental laws through authority stemming from a series of consent

judgments. This case grows out of the fact that though the Board of Water Commissioners "declared its intent to award" contract PC-753 to Plaintiff, officials of DWSD later declared Plaintiff to be a "Non-Responsible" bidder. Soon after, Defendant Kilpatrick, exercised his authority as Special Administrator and awarded the contract to another company.

**ANALYSIS**

**I. Whether Summary Judgment Is Appropriate at This Time**

The Sixth Circuit has a general rule that "some discovery must be afforded the non-movant before summary judgment in granted." White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231 (6th Cir. 1994). There are also times when it is appropriate for this Court to decide a summary judgment before discovery has commenced, however – when further discovery would be superfluous. See United States v. Miami Univ., 294 F.3d 797, 815-16 (6th Cir. 2002) (finding that the district court did not abuse its discretion when it denied the defendant discovery before ruling on a motion for summary judgment because "additional discovery would not [have] aided in the resolution of those questions"). As in this case, where I can decide claims as a matter of law, or where the facts conceded by the parties in their pleadings are sufficient to decide the matter, additional discovery would be superfluous. See Detroit Int'l Bridge Co. v. Canadian Pac. Ry., Ltd., Case No. 03-74697, slip op. at 4-5, 2004 U.S. Dist. LEXIS 17844, 2004 WL 2005614 (E.D. Mich. Sept. 3, 2004), aff'd on other grounds by 153 Fed. Appx. 948 (6th Cir. Oct 6, 2005). Therefore, I will proceed to decision on this motion.

**II. Lack of Standing for Disappointed Bidder**

The Michigan Supreme Court has long found a lack of standing to bring claims by disappointed bidders. In 1896, that court took up the question of "whether the lowest bidder,

under a contract proposed to be let by a municipal corporation, whose bid has been rejected, has a right of action at law to recover profits which he might have made had his bid been accepted," and said bidders generally did not have such a right under law. Talbot Pav. Co. v. Detroit, 109 Mich. 657, 660 (Mich. 1896), cited for this proposition by Detroit v. Wayne Circuit Judges, 128 Mich. 438 (Mich. 1901). Federal courts have noted that a property interest in a publicly bid contract is demonstrated in one of two ways: either the bidder can show it was actually awarded the contract and then deprived of it, or the bidder can show that the governmental body limit the discretion to reject low bidders. E.g. Leo J. Brielmaier Co. v. Newport Hous. Auth., Case No. 98-5245, 1999 U.S. App. LEXIS 7496, 15-16 (6th Cir. 1999). The court in Brielmaier specifically noted that if a body has discretion to reject bidders by finding them non-responsible, then a finding that the bidder is not responsible will generally not be sufficient to show standing. Id. The court in Brielmaier also addressed disappointed bidder standing for defamation claims when declared not responsible, and noted a disappointed bidder had no legally-cognizable interest absent a resulting prohibition in bidding for future government contracts. Id.

Plaintiff alleges that DWSD "entered into an agreement with Plaintiff as a result of its intent to award the contract to [Plaintiff]." (Compl. ¶46.) I note that the Complaint also acknowledges that a "formal Letter of Intent" was "necessary" and characterizes meetings that occurred in February of 2005 as "pre-award," despite the action of the Board of Water Commissioners in January of 2005 allegedly "direct[ing] the Director to enter into a contract." (Compl. ¶¶ 11, 16, 17.) The Complaint alleges no City Council action approving the contract. The Complaint also fails to allege that the Special Administrator of this Court awarded it the contract, in that it alleges he did so for another bidder. Therefore, on the Complaint's face,

3

Plaintiff fails to allege that a contract between itself and DWSD was ever legally formed. Plaintiff also fails to allege the necessary absence of discretion for DWSD to find it to be a non-responsible bidder, arguing only that the procedure for doing so was not precisely followed. (Compl. ¶ 54.)  Finally, there is no allegation that it will be prohibited from competing for future contract possibilities.  Since Plaintiff cannot establish either an award of the contract, a lack of discretion to determine responsible bidders, or even a prohibition on future contract possibilities, it fails to show standing.  Thus, its claim must be dismissed in its entirety.[1]

**CONCLUSION**

As a disappointed bidder, Plaintiff fails to demonstrate the necessary interest to have standing to bring the claims in its Complaint.  Therefore, I GRANT summary judgment on all claims in favor of Defendants.

**IT IS SO ORDERED.**

Date:  February 21, 2007                              s/John Feikens
                                                     United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on February 21, 2007, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager

---

[1] As an additional note, even if Plaintiff had standing, a number of its claims would have to fail, because as the Special Administrator for this Court, the Mayor had the power to override state and municipal law in matters of contracting, and this Court sees nothing improper about acting swiftly to ensure that necessary work on a sewerage facility under federal court oversight was undertaken in a timely manner.